******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## ALECIA EMRICH *v.* MICHAEL EMRICH
## (AC 47619)

Cradle, C. J., and Alvord and Westbrook, Js.

*Syllabus*

The plaintiff, whose marriage to the defendant previously had been dissolved, appealed from the judgment of the trial court granting in part her postjudgment motions for modification of alimony and for fees and costs. She claimed, inter alia, that the court failed to properly consider all of the criteria set forth in the statute (§ 46b-82) governing alimony. *Held*:

The trial court did not abuse its discretion in granting in part the plaintiff's motions to modify alimony and for fees and costs, as the court expressly stated that it considered the factors set forth in § 46b-82 and its thorough and well reasoned decision reflected that careful consideration, and, to the extent that the court did not expressly address certain factors in its memorandum of decision, it is well settled that it was not required to do so.

Argued April 15—officially released June 24, 2025

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *Pinkus, J.*, rendered judgment dissolving the marriage and granting certain other relief in accordance with the parties' settlement agreement; thereafter, the court, *O'Neill, J.*, granted in part the plaintiff's motions for modification of alimony and for fees and costs and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Alecia Emrich*, self-represented, the appellant (plaintiff).

*Michael Emrich*, self-represented, the appellee (defendant).

*Opinion*

PER CURIAM. In this postjudgment dissolution matter, the plaintiff, Alecia Emrich, appeals from the judgment of the trial court ordering the defendant, Michael

Emrich, to pay alimony to her in the amount of $2125 per month for a period of two years beyond the fourteen year period set forth in the parties' dissolution judgment. The plaintiff claims that the court abused its discretion in issuing that alimony order on the grounds that it (1) failed to properly consider all of the criteria set forth in General Statutes § 46b-82; (2) did not "scrutinize the parties' financial affidavits equally"; (3) failed to consider the defendant's own hand at the depletion of his property settlement; and (4) erroneously characterized her request for further alimony as a request for funds to expend on her children versus funds for "her benefit" to fulfill "her need to see her children and grandchildren." (Emphasis omitted.) The plaintiff also claims that the court abused its discretion by declining to award additional court costs to her "as a self-represented party when she had only $8865.29 left in her bank account." We affirm the judgment of the trial court.

The following procedural history is relevant to the plaintiff's claims on appeal. The marriage of the parties was dissolved in February, 2008. Under the terms of a settlement agreement incorporated into the dissolution judgment, the defendant was obligated to pay the plaintiff $8500 per month in alimony until the occurrence of certain specified events or fourteen years from the date of dissolution, whichever came first. The agreement further provided that, in the event that alimony was not terminated sooner than fourteen years from the date of the dissolution judgment, "there shall be a 'second look' which shall be a de novo determination by [the] court . . . without having to prove changed circumstance[s]. At that time, said court shall enter an appropriate alimony order, if any, retroactive to the date of termination, based upon the respective financial circumstances of the parties and all factors then relevant in the establishment of alimony orders." In 2009, the alimony order was modified to $2125 per month due

to a substantial change in the defendant's financial circumstances after he lost his job as an attorney at a Manhattan law firm and ultimately accepted a job in a nonlegal position.

On May 22, 2023, the plaintiff filed a motion for alimony determination review and modification in accordance with the second look provision of the settlement agreement. In her motion, the plaintiff asked the court to "issue an increased alimony order so that [she] can maintain her family's home, enjoy her life and enjoy her grandchildren." She also asked for "an increased alimony order sufficient to allow [her] to maintain her family's home and [to pay] her escalating medical costs."

On November 7, 2023, the plaintiff filed a motion for fees and costs associated with her alimony motion wherein she claimed costs for "filing fees, serving fees, photocopying and office supply expenses" in the total amount of $4781.23 as of that date.[1] The plaintiff asked for reimbursement for those expenses, in addition to any additional costs incurred by her between the date of the filing of her motion and the hearing dates.

The court, *O'Neill, J.*, held a four day evidentiary hearing on the plaintiff's alimony motion and her associated motion for fees and costs.[2] On March 28, 2024, the court issued a memorandum of decision on the motions. At the outset, the court noted that it considered the factors set forth in § 46b-82 for determining alimony, such as the age, health, amount and sources of income, estate and needs of the parties. The court then found that both the plaintiff, who is fifty-nine years old, and

---

[1] At the hearing, the plaintiff claimed increased expenses for a total of $6425.04.

[2] The court also heard two motions for contempt filed by the plaintiff. The court's judgments on those motions have not been challenged on appeal.

the defendant, who is sixty-five years old, are in relatively good health and have accumulated significant wealth, which should allow them to live comfortably now and through their retirement years. Regarding the plaintiff, the court found that she has accumulated significant assets and has a net worth of approximately $2.3 million. The court noted that the overriding theme at trial was the plaintiff's claim that the parties' adult children like the defendant more because he can spend more money on them due to his high salary and that her expressed goal in pursuing an increased alimony order was to "level the playing field." The court disagreed with the plaintiff that the defendant should pay her additional alimony for that reason but agreed that she needed additional support to pay her expenses for a limited period of time. The court found that it would be fair and equitable to extend alimony payments of $2125 per month for twenty-four months and for the defendant to receive a credit for payments that he made after the fourteen year termination date set in the dissolution judgment. The court rejected the plaintiff's argument that the alimony award should be modifiable as to the amount and term, finding that it would not be fair, equitable or reasonable under the circumstances. The court also granted, in part, the plaintiff's motion for fees and costs and awarded her $419.70, which included a filing fee of $180, a state marshal service fee of $116.85, and a transcript fee of $122.85.

The plaintiff thereafter filed a motion for reargument and articulation. The court issued an order articulating certain matters as requested by the plaintiff. Relevant to the issues raised by the plaintiff on appeal, the court articulated: "The additional annual expenses set forth on the last pages of the financial affidavits ($6914 and $8805) do not change the court's analysis and decision, or the court's conclusions and orders, including the order that the defendant shall pay additional alimony

for a limited period of time. As noted in the decision, the plaintiff has accumulated significant assets and reported a net worth of approximately $2.3 million. After taking into account the relevant statutory factors, the court finds that the additional support of $2125 over twenty-four months is fair and equitable under the facts and circumstances of this case." This appeal followed.

On appeal, the plaintiff asserts several challenges, as stated previously, to the trial court's alimony order. "We review financial awards in dissolution actions under an abuse of discretion standard. . . . In order to conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did. . . . In determining whether the trial court's broad legal discretion is abused, great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness. . . . We apply that standard of review because it reflects the sound policy that the trial court has the unique opportunity to view the parties and their testimony, and is therefore in the best position to assess all of the circumstances surrounding a dissolution action, including such factors as the demeanor and the attitude of the parties." (Internal quotation marks omitted.) *Hallock* v. *Hallock*, 228 Conn. App. 81, 85–86, 324 A.3d 193 (2024).

"The decision of whether to award alimony to a party rests in the discretion of the trial court after consideration of the statutory factors set forth in § 46b-82. . . . Stated differently, § 46b-82 governs awards of alimony. That section requires the trial court to consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, earning capacity, vocational skills, education, employability, estate and needs of each of the parties

and the award, if any, which the court may make pursuant to [General Statutes §] 46b-81 . . . . In awarding alimony, [t]he court must consider all of these criteria. . . . It need not, however, make explicit reference to the statutory criteria that it considered in making its decision or make express findings as to each statutory factor. . . . The trial court may place varying degrees of importance on each criterion according to the factual circumstances of each case.'' (Citation omitted; internal quotation marks omitted.) Id., 94.

Here, the court expressly stated that it considered the factors set forth in § 46b-82 and its thorough and well reasoned decision reflects that careful consideration. To the extent the court did not expressly address certain factors, it is well settled that it was not required to do so. We have reviewed the briefs and arguments of the parties and the extensive record of the proceedings before the trial court and we conclude that the court's order that the defendant pay alimony in the amount of $2125 for twenty-four months did not constitute an abuse of its discretion, nor did its order awarding the plaintiff fees and costs in the amount of $419.70.

The judgment is affirmed.